IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIM. NO. AMD 07-0246 |
| | : CIV. NO. AMD 08-3250 |
| ENOCH EDISON | : |

...oOo...

## MEMORANDUM

Movant, Enoch Edison, pled guilty pursuant to a plea agreement to possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §841(a)(1). On December 7, 2007, this Court entered its judgment and sentenced Edison to 240 months (twenty years) in prison and five years of supervised release. Now pending is Edison's timely filed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Edison claims his counsel was ineffective for failing to challenge prior state convictions that were used to identify Edison as a career offender, thereby enhancing his sentence within the meaning of U.S.S.G. §4B1.1. The government has filed an opposition to the motion and no hearing is needed.

I.

A search warrant executed at Edison's residence on March 27, 2007, produced a backpack with a weapon, ammunition, and materials for the distribution of narcotics.[1] Upon his indictment in this court, Edison eventually signed a Plea Agreement in which he pleaded guilty to possession with the intent to distribute 50 grams or more of cocaine base.

At the guilty plea proceeding, the court carefully questioned Edison about his decision to

---

[1] During the search, a backpack was discovered hidden in the bathroom ceiling and found to contain 1) $5,140.00, 2) a Bersa Mini-Firestorm .38 caliber semi-automatic pistol with a loaded magazine containing eleven rounds, 3) additional .380 ammunition and .25 caliber ammunition, 4) 174 grams of cocaine base, 5) 63.6 grams of cocaine, 6) 3.5 grams of marijuana, and 7) a digital scale and packaging materials.

plead guilty, the withdrawal of his pretrial motions, and the consequences of doing so. the court established that the change of plea was knowing, intelligent and voluntary. In particular, the court established that Edison was satisfied with his attorney. Edison said that counsel had not failed to do anything Edison asked of him, or had done anything Edison asked him not to do. The Presentence Report recommended a total offense level of 34 that included both increases (due to the fact that Edison was in possession of a dangerous weapon and was found to be a career criminal under §4B1.1) and decreases (because of Edison's acceptance of responsibility for his actions, as agreed upon in the Plea) in calculations of the guidelines.

II.

Edison asks this court to vacate, set aside, or correct his sentence because of ineffective assistance of counsel during sentencing. Under 28 U.S.C. §2255 a "prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," such as ineffective assistance of counsel. 28 U.S.C. §2255(a).

To successfully claim ineffective assistance of counsel, a petitioner must "identify the acts or omissions of counsel" that show (1) the "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 690, 694 (1984). In considering the petitioner's claim of

ineffective assistance of counsel, the Court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* 466 U.S. at 690.

In this case, Edison's allegations do not satisfy the requirements of the *Strickland* test. Edison provides no evidence to suggest that his attorney performed below the reasonable standard of conduct expected of a defense attorney in a federal criminal case. Edison's only allegation of ineffective counsel is his attorney's "failure to challenge prior convictions used to enhance sentence." (Pet. Mot. at ¶12.) Edison was convicted of five felonies prior to the conviction at issue here and conclusorily alleges that if his attorney had successfully challenged three of the five convictions, he would not have qualified as a career offender under U.S.S.G. §4B1.1. All three of these prior convictions are state court convictions (Battery, two counts under case #8020832B2, Distribution of Heroin, under case #591032028, and Intent to Distribute Cocaine, under case #91CR0710). However, an attorney is not required to challenge prior state convictions during sentencing in federal court because the defendant has no right to bring such challenges in the first place. *Daniels v. United States*, 532 U.S. 374, 374 (2001) (*citing Custis v. United States*, 511 U.S. 485, 487 (1994)) (collateral attack not permitted at federal habeas proceeding under 28 U.S.C. §2255). Indeed, that Edison's attorney did not attempt to raise an inappropriate challenge to state court convictions shows "reasonable professional judgment," the standard of competent counsel presumed by the court.

As Edison cannot show that his attorney's representation fell below an objective standard of reasonableness, it is unnecessary to analyze whether there is a reasonable probability the proceeding would have been different.

III.

Edison does not assert a plausible basis for post-conviction relief. Accordingly, the motion to vacate shall be denied. An order follows.

Filed: April 22, 2009

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE